## COFFIN *against* TALLMAN.

*Landlord and Tenant; covenant running with the land.*

ON the first of May, 1846, the Poughkeepsie Silk Company leased certain premises owned by them to G. P. Hewitt for ten years, and covenanted that if, at the expiration of the lease, the parties should not agree to renew it, "then the said company bind themselves, their successors and assigns, to purchase and receive from Hewitt all and any improvements which shall be put and placed on said premises by him during the term," the value to be fixed by persons chosen by the parties, &c.

Hewitt erected buildings on the premises, and occupied the same five years, when he assigned his lease to the plaintiff, who occupied to the end of the term, paying the rent to the lessors. On the 1st of May, 1846, the plaintiff demanded of the Silk Company the performance of the covenant, the appraisal and purchase of the buildings, which they refused.

In March, 1847, the premises were sold on the foreclosure of a mortgage executed by the Silk Company, after the commencement of the term, and the defendant became the purchaser. The defendant was notified of the lease, and the plaintiff's claims under it, prior to his purchase. The mortgagee had notice of the lease at the time of taking the mortgage ; the plaintiff was in possession of the premises at the commencement of the foreclosure, but was not made party to the proceedings. This action was brought to recover against the defendant, as assignee of the reversion, the value of the buildings erected by the lessee on the demised premises during the term.

*Held*, that although the covenant in question might be such as run with the land, and would bind the

assignee of the reversion, the *assigns* of the lessors being expressly named in the covenant; yet that it did not run with the land after the covenant was broken, and that such breach occurred upon the refusal of the Silk Company to comply with the demand made of them at the expiration of the lease, nearly a year before the defendant became the purchaser of the premises. The action, therefore, could not be sustained.